IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANNE JENNINGS,  No. CIV S-10-2126-FCD-CMK

    Plaintiff,

  vs.  FINDINGS AND RECOMMENDATIONS

WASHINGTON MUTUAL BANK, et al.,

    Defendants.

    Plaintiff, proceeding in this action in propria persona, brings this civil action pursuant to, inter alia, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2603, *et seq.*, and the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*  This action was removed to this court from the Plumas County Superior Court on August 9, 2010.  Pending before the court is defendants' unopposed motion to dismiss (Doc. 10).  As no opposition was filed, the hearing on the motion was taken off calendar pursuant to Local Rule 230(g).

    **I.**    **Background**

    This foreclosure action was removed from state court to this court on August 9, 2010, by defendants JP Morgan Chase Bank, N.A., an Acquirer of Certain Assets and Liabilities of Washington Mutual Bank from the FDIC Acting As Receiver ("JP Morgan"), Chase Home

1

Finance LLC ("Chase"), and Mortgage Electronic Registration Systems, Inc. ("MERS").  The complaint alleges claims for predatory lending practices in violation of Home Ownership and Equity Protection Act ("HOEPA") (15 U.S.C. § 1637),  Truth in Lending Act ("TILA") (15 U.S.C. § 1601), Real Estate Settlement Procedures Act ("RESPA") (26 U.S.C. § 2605), conspiracy, aiding and abetting, intentional misrepresentation/fraud, violation of California Corporation Code, accounting, unfair business practices, breach of implied warranty of good faith and fair dealing, declaratory relief, quiet title and injunctive relief.  Defendants move to dismiss for failure to state a claim in regard to all claims, for failure to specifically plead fraud, claims are untimely and barred by the applicable statutes of limitations, and that JP Morgan did not assume any liabilities arising from claims by borrowers of Washington Mutual Bank.

### II. Motion to Dismiss

Defendants filed a motion to dismiss, or in the alternative for a more definite statement, pursuant to Federal Rules of Civil Procedure 12(b)(6), (e).  Defendants argue that Plaintiff's claims are unavailable, she fails to allege facts sufficient to state a claim, and are vague, ambiguous, and untimely.

#### A. Legal Standards

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp., 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Bell Atl. Corp., 550 U.S. at 557).

To determine whether a complaint states a claim upon which relief can be granted, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

3

1  curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

**B.     Discussion**

1.  Assumption of Liability by JP Morgan

When JP Morgan took over Washington Mutual's assets, it did not assume liabilities of the kind alleged by plaintiff. Article II of the Purchase and Assumption Agreement provides in part:

> 2.5  Borrower Claims - Notwithstanding anything to the contrary in this Agreement, any liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower. . . are specifically not assumed by the Assuming Bank.

(Defs.' Request for Judicial Notice ("RJN") Ex. 3 at 9.)

Based on the aforementioned agreement, any allegation in the complaint which assumes that JP Morgan took over any alleged liabilities of Washington Mutual cannot be maintained.

2.  Truth in Lending Act

A lender's violation of TILA allows the borrower to seek damages or to rescind a consumer loan secured by the borrower's primary dwelling. There is a one-year statute of limitations applicable to TILA damages claims. See 15 U.S.C. § 1640(e). The limitations period for damages is subject to equitable tolling. See King v. California, 784 F.2d 910, 915 (9th Cir. 1896). Here, plaintiff's TILA violations stem from the loan application process, wherein plaintiff argues the defendants failed to verify plaintiff's ability to repay the loan. Thus, the limitations period in this case accrued at the time Plaintiff signed the loan documents, in March 2007. See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir.2003). Nothing in plaintiff's complaint indicates the applicability of equitable tolling, nor does plaintiff argue that it should apply. See King v. California, 784 F.2d 910, 915 (1986). Accordingly, Plaintiff's claims for damages under TILA are now time-barred. However, Plaintiff has also requested rescission.

As to plaintiff's claim for rescission based on violations of TILA, "an obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . . ." 15 U.S.C. § 1635(f). Plaintiff's claims for rescission also appear to be time barred as more than three years passed between the time plaintiff entered into the loan agreement (March/April 2007) and the filing of the complaint herein (July 2010). In addition, a claim for recession requires a plaintiff to allege the ability to tender the loan proceeds or ability to pay back what she has received. See e.g., Yamamoto v. Bank of N.Y., 329 F.3d 1167, 1170 (9th Cir. 2003), Garza v. Am. Home Mortgage, 2009 WL 188604 at *5 (E.D. CA 2009). Although the complaint alludes to plaintiff's willingness to tender, there are no allegations that she is actually able to repay the loan proceeds. Thus, Plaintiff's claims under TILA are time barred and should be dismissed.

### 3. HOEPA

Plaintiff's claims under HOEPA are similarly barred by the applicable statute of limitation. Claims under HOEPA, which is a part of TILA, must be brought within one year of the occurrence of the violation. See 15 U.S.C. § 1640(e). As discussed above, plaintiff entered into the loan agreement more than three years prior to filing the complaint. Thus, plaintiff's claims under HOEPA are time barred and should be dismissed.

### 4. Conspiracy

Plaintiff claims that the defendants acted in concert with a plan to steal her property. The conspiracy claim is based on the defendants' alleged participation in the foreclosure proceedings. However, there are no facts stated to support a conspiracy claim. As defendants set forth, in order to state a claim for conspiracy, the allegations must allege (1) the formation and operation of the conspiracy, (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting from such act or acts. See Kidron v. Movie Acquisition Corp., 47 Cal. Rptr. 2d 752 (Cal. Ct. App. 1995). The California court also set forth that "civil conspiracy is not an independent tort. Rather civil conspiracy is a 'legal doctrine that imposes liability on

persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration.'" Id. (citing Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 28 Cal Rptr. 2d 475, 478 (Cal. 1994)).

At best, plaintiff's complaint alleges the defendants conspired together in their predatory lending practices, which as discussed herein fails to state a claim. As no underlying claim can be stated, there is no support for a conspiracy claim, and the motion to dismiss this claim should be granted.

5.  Aiding and Abetting

Plaintiff also alleges that the defendant Chase aided and abetted Washington Mutual and MERS in their fraudulent scheme to enable MERS to do business and illegally act as a lending institution. However, such conclusory allegations cannot sustain an aiding and abetting claim. It appears to the undersigned that plaintiff's aiding and abetting claim is related to some sort of fraud claim. However, as discussed infra, a claim for fraud must be pled with particularity. Here, plaintiff's fraud claim is unclear and unsupported. Therefore, no aiding and abetting claim can be sustained. See Casey v. U.S. Bank National Assn., 26 Cal. Rptr. 3d 401, 405 (2005).

6.  Intentional Misrepresentation/Deceit (Fraud)

Plaintiff claims fraud based on Washington Mutual's failure to verify that plaintiff had the ability to repay the loan, and misleading plaintiff as to the terms and conditions of the loan. She does not, however, explain how she was misled, and what Washington Mutual failed to disclose.

The elements of a California fraud claim are: (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of the falsity (or "scienter"); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. Lazar v. Superior Court, 49 Cal. Rptr. 2d 377, 380-81 (Cal. 1996). In addition, Federal Rule of Civil Procedure 9(b) requires that "the circumstances constituting fraud or mistake shall be stated with

6

particularity." This heightened pleading standard "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." Lancaster Cmty. Hosp. v. Antelope Valley Dist., 940 F.2d 397, 405 (9th Cir. 1991). Thus, "allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and internal quotations omitted).

Rule 9(b)'s heightened pleading standard "is not an invitation to disregard Rule 8's requirement of simplicity, directness, and clarity" and "has among its purposes the avoidance of unnecessary discovery." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Neubronner v. Milken, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations omitted; citing Gottreich v. San Francisco Inv. Corp., 552 F.2d 866, 866 (9th Cir. 1997)). The Ninth Circuit Court of Appeals has explained:

> Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud. The time, place and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not "constitute" fraud. The statement in question must be false to be fraudulent. Accordingly, our cases have consistently required that circumstances indicating falseness be set forth. . . . [W]e [have] observed that plaintiff must include statements regarding the time, place, and *nature* of the alleged fraudulent activities, and that "mere conclusory allegations of fraud are insufficient." . . . The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading. . . . In certain cases, to be sure, the requisite particularity might be supplied with great simplicity.

In Re Glenfed, Inc. Sec. Litig., 42 F.3d 1541, 1547-1548 (9th Cir. 1994) (en banc) (italics in original) *superseded by statute on other grounds as stated in* Marksman Partners, L.P. v. Chantal Pharm. Corp., 927 F. Supp. 1297 (C.D. Cal. 1996); see Cooper v. Pickett, 137 F.3d 616, 627 (9th

7

Cir. 1997) (fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged).

Here, defendants argue plaintiff's complaint is insufficient to state a claim for fraud. Plaintiff's fraud claim is based on allegations that Washington Mutual failed to verify plaintiff's ability to repay the loan, and that it manufactured facts to show plaintiff was capable of repaying the loan. These vague allegations are insufficient, and fail to put the defendants on notice as to what actions were fraudulent. Plaintiff fails to explain what the alleged manufactured facts were, how they misled her, and what terms and conditions were not disclosed. In addition, as found above, even if Washington Mutual had somehow acted fraudulently, JP Morgan did not assume any of Washington Mutual's liabilities. Thus, the motion to dismiss the fraud claim should be granted.

### 7. California Civil/Corporation Code

Plaintiff next claims that the defendants somehow violated the California Civil and Corporation Code. The complaint states:

> Defendants, and each of them, entered into an illegal pooling agreement in express violation of California C.C. §§ 1916.7, 1920, and 1921, and as a direct and proximate result therefore, failed to satisfy the requirements of an adjustable mortgage instrument as set forth in California C.C. § 1920, and the requirements for disclosure of information and connections with a mortgage instrument, as set forth, required by California C.C. § 1921.
> (Compl. at 14).

This claim is based on an undefined "illegal pooling agreement" the defendants allegedly entered into. This "illegal pooling agreement" is apparently based on plaintiff allegation that MERS was listed as the beneficiary in the Deed of Trust associated with the subject loan. However, as defendants set forth, the beneficiary in the Deed of Trust is listed as Washington Mutual, not MERS. ((Defs.' RJN, Ex. 2 at 2.) As the factual basis of this claim is incorrect, the motion to dismiss the claim should be granted.

/ / /

Plaintiff further fails to identify what provision of the statutes the defendants have allegedly violated. The statutes contain several requirements for adjustable rate mortgages, but the complaint does not state those requirements, nor does it describe the conduct of defendants that constitutes a violation of any specific requirement. To the extent plaintiff could allege facts to support violations of the code sections cited, defendants contend those violations would be preempted by the Home Owners' Loan Act (HOLA), 12 U.S.C. § 1462 *et. seq.*, and 12 C.F.R § 560.2(b). The undersigned agrees that plaintiff's claims under the California Civil Code would appear to be preempted by HOLA. See Garcia v. Wachovia Mortg Corp., 676 F. Supp. 3d 895, 911-13 (C.D. Cal. 2009). Whether plaintiff would be able to amend her complaint in order to state a claim for a violation of HOLA, or plea sufficient facts to support a position that the defendants are not regulated by HOLA is unclear from the minimal facts alleged in the complaint. Therefore, the undersigned finds dismissal of this claim without prejudice is appropriate.

### 8. Accounting

Plaintiff's "demand for accounting" claim is unclear. It appears she is or has requested a payoff amount, to which she has received different amounts owed. She states she had requested copies of her file from the defendants pursuant to RESPA, but her request has been refused.

Defendants argue that plaintiff's claim fails as she has not alleged any facts showing a fiduciary relationship exists between the parties, nor has she alleged that there is a balance due to plaintiff from defendants. However, reading the complaint in the light most favorable to plaintiff, it appears to the undersigned that what plaintiff is actually alleging is a violation of Section 2605 of RESPA for defendants' failure to respond to a Qualified Written Request (QWR). If that is plaintiff's claim, such a claim would be time-barred by the three-year statute of limitations. See 12 U.S.C. § 2614. In addition, plaintiff fails to alleged any pecuniary loss from defendants' alleged failure to respond to the QWR, which renders her claim

1  insufficient.  See Saldate v. Wilshire Credit Corp., 711 F. Supp. 3d 1126, 1134 (E.D. Cal. 2010).

2  Thus, plaintiff's claim for accounting should be dismissed.

3  To the extent defendants' read of plaintiff's complaint is accurate, the undersigned

4  agrees that she has not alleged that she is due any monies from defendants.  Rather, she is

5  requesting an accounting to ascertain the true amount of money that she may owe them.  Absent

6  a claim that she is due monies from defendants,  she has no right to an accounting.  See Wond v.

7  First Magnus Fin. Corp., 2009 WL 2580353 at * 2 (citing Baxter v. Krieger, 157 Cal. App. 2d

8  730, 732, 321 P.2d 879 (1958)).

9         9.  Unfair Business Practice

10  Plaintiff's claim for unfair business practice, based on the authority plaintiff cites,

11  is actually an Unfair Competition Law claim.  See Cal. Bus & Prof Code §§ 17200 *et seq.*

12  Plaintiff alleges that defendants

> have committed acts of unfair business practices . . . by engaging in
> acts the Truth in Lending Act, using bait and switch tactics;
> making loans without providing borrowers with sufficient, accurate
> and understandable information regarding the terms and conditions
> of the loan; and making loans without providing borrowers with
> sufficient, accurate and understandable information regarding the
> nature and extent of the financial risk being assumed by the
> borrowers.
> (Compl. at 17).

18  As defendants argue, these conclusory allegations fail to set forth what "acts"

19  have actually been committed by which defendants, and are therefore insufficient to state a claim.

20  In addition, plaintiff fails to allege any actual pecuniary loss, rather she again states in conclusory

21  fashion that she has incurred and continues to incur damages "in an amount unascertained."

22  "A plaintiff alleging unfair business practices under these statutes [UCL] must

23  state with reasonable particularity the facts supporting the statutory elements of the violation."

24  Khoury v. Maly's of California, Inc., 17 Cal. Rptr. 2d 708, 712 (Cal. Ct. Ap. 1993).  Therefore,

25  the complaint is insufficient, and the motion to dismiss this claim should be granted.

26  / / /

#### 10. Breach of Implied Warranty of Good Faith and Fair Dealing

As to plaintiff's claim for breach of implied warranty of good faith and fair dealing, the allegations set forth in the complaint are again conclusory at best. Plaintiff states that the defendants

> misled, deceived and willfully and intentionally breached the implied covenant of . . . good faith and fair dealing due and owing to plaintiff under California law.
> The aforesaid willful, wrongful deceitful false and illegal representations and oppressive tactics, acts and conduct by Defendants, and each of them, constituted a breach of the implied warranty of good faith and were done to harm and injure Plaintiff and deceptively "steal" Plaintiff's residential real property.

(Compl. at 18-19).

"[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heard Fed. Savings & Loan Ass'n, 283 Cal. Rptr. 53, 56 (Cal. Ct. App. 1991); see also Price v. Wells Fargo Bank, 261 Cal. Rptr. 735, 740 (Cal. Ct. App. 1989). Thus, to the extent plaintiff's claim relies on a theory that the defendants owed her a duty of care, her claim must fail.

In addition, plaintiff's conclusory allegations, without any facts to show how the defendants actually breached the implied covenant of good faith and fair dealing are insufficient to survive a motion to dismiss. Plaintiff states that the breach occurred "virtually from the inception of the agreement." Thus, it appears plaintiff is stating that Washington Mutual somehow violated the implied covenant, the party with whom she entered into the contract. As set forth above, JP Morgan did not assume any of Washington Mutual's liability. Plaintiff fails to allege any violations by the actual defendants in this action. Thus, plaintiff's claim is insufficient, and the motion to dismiss should be granted.

#### 11. Declaratory Relief

Plaintiff fails to identify the basis for her claim for declaratory relief. The complaint alleges that the subject loan and security documents "are void ab initio by operation of

11

law based on the facts alleged herein, including, but not limited to, defendant's violation of disclosure requirements, its violation of its duty to refrain from making misleading statements and fraudulent misrepresentation, and its engaging in predatory lending practices." (Compl. at 20).

Defendants cite the California Code of Civil Procedure section 1060 as a potential basis for such a claim. Section 1060 states in relevant part:

> Any person interested under a written instrument, excluding a will or a trust, or under a contract, or who desires a declaration of his or her rights or duties with respect to another, . . ., may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties in the premises. . . .

Here, there is no factual basis for plaintiff's claim for declaratory relief, as discussed above. None of plaintiff's claims are factually sufficient to support this action, thus, there cannot be a finding of declaratory relief based on the insufficient claims as plead. Specifically, plaintiff states that she is entitled to declaratory relief based on defendants' fraud and TILA violations which have been found to be insufficient. Therefore, the claim for declaratory relief should be dismissed as well.

### 12.  Quiet Title

Plaintiff does not identify any authority for her quiet title claim. However, defendant identifies the applicable state law provisions. Plaintiff claims the defendants' claim to the property is invalid due to her right of rescission based on the defendants' TILA violations and fraudulent acts.

"An action may be brought . . . to establish title against adverse claims to real or personal property or any interest therein." Cal. Code Civ. Proc. § 760.020(a). To state a claim for quiet title, a complaint must include: (a) a description of the property that is the subject of the action; (b) plaintiff's title and the basis for that title; (c) the adverse claims to plaintiff's title; (d) the date as of which the determination is sought; and (e) a prayer for the determination of the title

1  of the Plaintiff against the adverse claims.  Cal. Code Civ. Proc. § 761.020.  Here, plaintiff's
2  quiet title claim is premised upon the alleged fraudulent conduct of the defendants.  The
3  complaint alleges that defendants cannot proceed with foreclosure "until the results of their
4  fraudulent acts are resolved." (Compl. at 21).  Because the undersigned finds that the complaint
5  fails to allege defendants' alleged fraudulent conduct with sufficient particularity, as discussed
6  above, it is recommended that her quiet title claim also be dismissed.

        13.  Injunctive Relief

8       Plaintiff's claim for injunctive relief is again based on her allegations of
9  defendants' fraudulent conduct.

10      To prevail on a request for injunctive relief, the moving party must show that
11 irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v. Selecky, 586
12 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7,
13 129 S. Ct. 365 (2008)).  Under Winter, the test requires a party to demonstrate: (1) he is likely to
14 succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction;
15 (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest.  See
16 Stormans, 586 F.3d at 1127 (citing Winter, 129 S. Ct. at 374).

17      Here, as discussed above, plaintiff fails to plead sufficient facts to support her
18 fraud claim.  Thus, she cannot demonstrate she is likely to succeed on the merits, and her request
19 for injunctive relief should be dismissed.

        **III.    Conclusion**

21      Plaintiff's complaint fails to allege sufficient facts to state a claim.  In addition,
22 some of plaintiff's claims are barred by the applicable statute of limitations.  Thus, defendants'
23 motion to dismiss should be granted in full.  Leave to amend must be granted "[u]nless it is
24 absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245,
25 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000)
26 (en banc).  Given plaintiff's lack of opposition to this motion, and lack of factual allegations

contained in the original complaint, it is doubtful that plaintiff will be able to amend her claims sufficiently.  However, leave to amend should be granted because, while doubtful, it is not absolutely clear that the defects discussed above cannot be cured.

Based on the foregoing, the undersigned recommends that:

1. Defendant' unopposed motion to dismiss (Doc. 10) be granted;

2. Plaintiff's claims for TILA and HOEPA violations, conspiracy and accounting be dismissed with prejudice; and

3. Plaintiff be provided 20 days to file an amended complaint to cure the defects in the remaining claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 25, 2011

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE